6

Lawrence J. Hilton (State Bar No. 156524)
(lhilton@hewittoneil.com)
HEWITT & O'NEIL LLP
19900 MacArthur Boulevard
Suite 1050
Irvine, California 92612
Telephone: (949) 798-0500
Facsimile: (949) 798-0511

Attorneys for Plaintiff
PLAN AGENT OMNI MANAGEMENT
GROUP, LLC, f/k/a ROBERT L. BERGER
& ASSOCIATES, LLC

07-01074-A
COMPLAINT
PLAINTIFF: OMNI MANAGEMENT GROUP, LL
DEFENDANT: UPRIGHT, INC.
JUDGE: HON. W. RIMEL
RELATED CASE: 01-15766

FILED 5/7/07 - 1:11 PM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION    rlif

RECEIPT NO: 1-7-002481 $250.00

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| In re<br><br>UPRIGHT, INC.,<br><br>    Debtor.<br><br>Tax Id. No. 94-1099653. | Case No. 01-15766-A-11<br><br>Adv No.<br><br>Chapter 11 |
| OMNI MANAGEMENT GROUP, LLC, f/k/a/ ROBERT L. BERGER & ASSOCIATES, LLC, PLAN AGENT APPOINTED PURSUANT TO CONFIRMED PLAN OF REORGANIZATION,<br><br>    Plaintiff,<br><br>v.<br><br>UPRIGHT, INC.; THE TANFIELD GROUP PLC; and DOES 1 through 10, inclusive,<br><br>    Defendants. | **COMPLAINT FOR:**<br><br>(1) **BREACH OF CONTRACT – PROMISSORY NOTE; AND,**<br><br>(2) **SUCCESSOR LIABILITY** |

"VIA FAX"

Plaintiff OMNI MANAGEMENT GROUP, LLC, formerly Robert L. Berger & Associates, LLC, Plan Agent ("Plaintiff" or the "Plan Agent"), for its causes of action against defendants UPRIGHT, INC. ("Upright" or the "Debtor"), THE

H&O: #38305 v2

COMPLAINT FOR (1) BREACH OF CONTRACT AND (2) SUCCESSOR LIABILITY

1 | TANFIELD GROUP PLC ("Tanfield"), and DOES 1 through 10, alleges as follows:

## JURISDICTION AND VENUE

1. On June 12, 2001 (the "Petition Date"), Upright filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 22, 2002, this Court approved the Debtor's Second Amended Plan of Reorganization (the "Plan"), which became effective on November 5, 2002 (the "Effective Date"). The Plan provided for the appointment of a Plan Agent for the purpose of administering the Debtor's assets for the benefit of certain unsecured creditors. On or about December 28, 2002, retroactive to the Effective Date, Robert L. Berger & Associates, LLC, now Omni Management Group, LLC, was appointed as Plan Agent, and it continues as the duly authorized Plan Agent.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and Section 9.1.2 of the Plan.

3. This adversary proceeding raises claims that are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

4. Venue in this District is proper pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5. Upright is a California corporation which maintains its principal place of business in the City of Madera, State of California. Upright is a manufacturer of aerial lift platforms and other related products sold worldwide within the access industry. Plaintiff is informed and believes, and on that basis alleges, that Upright is also known as Upright Powered Access.

6. Plaintiff is informed and believes, and on that basis alleges, that Tanfield is a company organized and existing under the laws of the United Kingdom, having its principal place of business in the town of Washington, Tyne & Wear, United Kingdom. Tanfield is a manufacturer of electric vehicles and aerial work platforms. Plaintiff is informed and believes, and on that basis alleges, that

1  Tanfield purchased Upright in June 2006 and, in addition to operating the business
2  of Upright, has since fully integrated its own aerial work platform business into
3  Upright.
4      7.  Plaintiff is informed and believes, and on that basis alleges, that in
5  June 2006, Tanfield acquired Upright's assets for less than adequate consideration,
6  which sum was paid, not to Upright, but to an affiliate of Upright under common
7  ownership and control as Upright. Plaintiff is further informed and believes, and on
8  that basis alleges, that Tanfield continues to use the Upright name and website,
9  maintains at least one or more officers and/or directors in common with Upright,
10 and manufactures and distributes the same products and generally conducts the same
11 business as Upright did prior to the asset sale. For these reasons, Plaintiff is
12 informed and believes, and on that basis alleges, that Tanfield is a mere continuation
13 of Upright and, therefore, is liable for the debts and liabilities of Upright as its
14 successor-in-interest.
15      8.  Plaintiff is unaware of the true names and capacities, whether
16 individual, associate, corporate, or otherwise, of defendants DOES 1 through 10,
17 inclusive, or any of them, and therefore sues said defendants, and each of them, by
18 such fictitious names. Plaintiff will seek leave of this Court to amend this
19 Complaint when the same are ascertained.
20     9.  Plaintiff is informed and believes, and on that basis alleges, that each of
21 the defendants, at all times herein mentioned, was the agent, servant, trustee,
22 principal, employee, and/or joint venturer of the other remaining defendants, that the
23 acts of each defendant were within the course and scope of the agency, service, and
24 employment and with the permission and consent of each other defendant, and that
25 each defendant has ratified the conduct of the others.
26                    **GENERAL ALLEGATIONS**
27     10. Upright sells its products worldwide through an extensive network of
28 independent dealers and distributors in the United States, Europe and Asia. Until

June 2006, when it was acquired by Tanfield, Upright sold its equipment either directly or through its affiliates, and maintained production plants in the United States and Ireland. After acquiring Upright's assets in 2006, Tanfield transferred production of Upright equipment and its own products to a flagship facility located in Washington, Tyne & Wear, in the United Kingdom. Plaintiff is informed and believes, and on that basis alleges, that while most production of Upright equipment occurs in the United Kingdom, Tanfield currently maintains facilities in the United States, including but not limited to Upright's former facility in Madera, California, for purposes of Upright product sales and support, product assembly, product and parts distribution, and customer service.

11. Pursuant to the Plan, Upright was obligated to pay to the Plan Agent for the benefit of Upright's unsecured creditors the principal sum of $3,000,000.00 in accordance with terms set forth in a written Promissory Note (the "Reorganization Note"). Under the terms of the Reorganization Note, Upright was to make payments of principal and interest every three (3) months. A true and correct copy of the Reorganization Note is filed concurrently herewith as Exhibit A.

12. On or about September 29, 2003, after making only two (2) quarterly payments under the Reorganization Note, Upright notified the Plan Agent in writing that it would not be making the next scheduled payment under the Reorganization Note. Subsequently, Upright informed the Plan Agent that a senior secured creditor would be foreclosing on its interest in Upright's assets and that it was unlikely that the assets would generate any value above the amount of the secured debt.

13. Pursuant to Paragraph 9 of the Reorganization Note, the prevailing party in any litigation or proceeding arising out of or relating to the Reorganization Note is entitled to, in addition to damages, its reasonable attorneys' fees, costs and expenses incurred in connection with the litigation or proceeding.

## FIRST CLAIM FOR BREACH OF CONTRACT – PROMISSORY NOTE
## AGAINST DEFENDANT UPRIGHT

14. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in Paragraphs 1 through 13, inclusive.

15. Beginning on September 30, 2003 and continuing thereafter, Upright breached its promise under the Reorganization Note by failing to pay the principal and interest due thereunder. As of the date of filing this Complaint, the default had not been cured. Accordingly, pursuant to the terms of the Reorganization Note, the entire principal balance is now due and owing, along with accrued interest and other applicable charges and fees, in an amount to be proved at trial.

16. Plaintiff has incurred legal fees in pursuing its claim for payments due under the Reorganization Note in an amount to be proved at trial.

## SECOND CLAIM FOR SUCCESSOR LIABILITY
## AGAINST DEFENDANT TANFIELD

17. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in Paragraphs 1 through 16, inclusive.

18. A transfer of substantially all of Upright's assets was made to Tanfield, through an affiliate of Upright, for less than adequate consideration such that little or no value was received by Upright to satisfy the claims of its unsecured creditors in accordance with the terms of the Reorganization Note.

19. Plaintiff is informed and believes, and on that basis alleges, that Tanfield has at least one officer and/or director in common with Upright.

20. Tanfield has continued to conduct the same business as Upright, manufacture the same products as Upright and use the same website as Upright. Tanfield has established a flagship facility for production of Upright products in the United Kingdom and maintains at least one location in common with Upright in the United States. Tanfield has further held itself out to the public as a continuation of the business conducted by Upright.

21. Tanfield is a mere continuation of the business of Upright, and Tanfield is therefore liable for the debts of Upright as a successor entity.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Upright and Tanfield as follows:

1. On the First Claim for Breach of Contract, for damages in an amount to be proved at trial, along with interest thereon;

2. On the Second Claim for Successor Liability, for a judgment that Tanfield is liable to Plaintiff as the successor to Upright for the full amount of Plaintiff's claims against Upright;

3. For costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

DATED: May 3, 2007                HEWITT & O'NEIL LLP

By: _____
Lawrence J. Hilton

Attorneys for Plaintiff
PLAN AGENT OMNI MANAGEMENT GROUP, LLC, f/k/a ROBERT L. BERGER & ASSOCIATES, LLC