7

FILED
2007 AUG 17 PM 3:53
CLERK U.S BANKRUPTCY CT
EASTERN DIST OF CA
FRESNO, CA

Lawrence J. Hilton (State Bar No. 156524)
(lhilton@hewittoneil.com)
HEWITT & O'NEIL LLP
19900 MacArthur Boulevard
Suite 1050
Irvine, California 92612
Telephone: (949) 798-0500
Facsimile: (949) 798-0511

Attorneys for Plaintiff
PLAN AGENT OMNI MANAGEMENT
GROUP, LLC, f/k/a ROBERT L. BERGER
& ASSOCIATES, LLC

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| In re<br>UPRIGHT, INC,<br>  Debtor.<br>Tax Id. No. 94-1099653. | Case No. 01-15766-A-11<br>Adv No. 07-1074-A<br>Chapter 11<br>**FIRST AMENDED COMPLAINT FOR:**<br>(1) BREACH OF CONTRACT – (PROMISSORY NOTE);<br>(2) FRAUDULENT TRANSFER; AND,<br>(3) SUCCESSOR LIABILITY |
| OMNI MANAGEMENT GROUP, LLC, f/k/a/ ROBERT L. BERGER & ASSOCIATES, LLC, PLAN AGENT APPOINTED PURSUANT TO CONFIRMED PLAN OF REORGANIZATION,<br>  Plaintiff,<br>v.<br>UPRIGHT, INC.; THE TANFIELD GROUP PLC; and DOES 1 through 10, inclusive,<br>  Defendants. | |

Plaintiff OMNI MANAGEMENT GROUP, LLC, formerly Robert L. Berger & Associates, LLC, Plan Agent ("Plaintiff" or the "Plan Agent"), for its causes of action against defendants UPRIGHT, INC. ("Upright" or the "Debtor"), THE

H&O· #40503 v1

FIRST AMENDED COMPLAINT

"VIA FAX"

TANFIELD GROUP PLC ("Tanfield"), UI DISTRIBUTION NORTH AMERICA, INC. ("UID") and DOES 1 through 10, alleges as follows:

## JURISDICTION AND VENUE

1. On June 12, 2001 (the "Petition Date"), Upright filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 22, 2002, this Court approved the Debtor's Second Amended Plan of Reorganization (the "Plan"), which became effective on November 5, 2002 (the "Effective Date"). The Plan provided for the appointment of a Plan Agent for the purpose of administering the Debtor's assets for the benefit of certain unsecured creditors. On or about December 28, 2002, retroactive to the Effective Date, Robert L. Berger & Associates, LLC, now Omni Management Group, LLC, was appointed as Plan Agent, and it continues as the duly authorized Plan Agent.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and Section 9.1.2 of the Plan.

3. This adversary proceeding raises claims that are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

4. Venue in this District is proper pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5. Upright is a corporation organized under the laws of the State of California. Plaintiff is informed and believes, and on that basis alleges, that until it transferred its assets as alleged hereinbelow, Upright maintained its principal place of business at 2686 Maple Avenue, Fresno, California 93725 (the "Maple Facility"). Until it transferred its assets, Upright was a manufacturer of aerial lift platforms and other related products sold worldwide within the access industry. Plaintiff is informed and believes, and on that basis alleges, that Upright is also known as Upright Powered Access.

6. Plaintiff is informed and believes and, on that basis, alleges that Defendant UID is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at the Maple Facility in Fresno, California. Plaintiff is further informed and believes and, on that basis, alleges that at all times relevant to the matters alleged herein, UID and Upright were and are under common ownership and control.

7. Plaintiff is informed and believes, and on that basis alleges, that Tanfield is a company organized and existing under the laws of the United Kingdom, having its principal place of business in the town of Washington, Tyne & Wear, United Kingdom. Tanfield is a manufacturer of electric vehicles and aerial work platforms.

8. Plaintiff is unaware of the true names and capacities, whether individual, associate, corporate, or otherwise, of defendants DOES 1 through 10, inclusive, or any of them, and therefore sues said defendants, and each of them, by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint when the same are ascertained.

9. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants, at all times herein mentioned, was the agent, servant, trustee, principal, employee, and/or joint venturer of the other remaining defendants, that the acts of each defendant were within the course and scope of the agency, service, and employment and with the permission and consent of each other defendant, and that each defendant has ratified the conduct of the others.

## UPRIGHT'S CHAPTER 11 REORGANIZATION

10. Pursuant to the Plan that was confirmed in October, 2002, Upright was obligated to pay to the Plan Agent for the benefit of Upright's unsecured creditors the principal sum of $3,000,000.00 in accordance with terms set forth in a written Promissory Note (the "Reorganization Note"). Under the terms of the Reorganization Note, Upright was to make payments of principal and interest every

three (3) months. A true and correct copy of the Reorganization Note is filed concurrently herewith as Exhibit A. Upright also had obligations to pay unsecured creditors additional sums based on certain performance criteria.

11. On or about September 29, 2003, after making only two (2) quarterly payments under the Reorganization Note, Upright notified the Plan Agent in writing that it would not be making the next scheduled payment under the Reorganization Note. Subsequently, Upright informed the Plan Agent that a senior secured creditor would be foreclosing on its interest in Upright's assets and that it was unlikely that the assets would generate any value above the amount of the secured debt.

12. Pursuant to Paragraph 9 of the Reorganization Note, the prevailing party in any litigation or proceeding arising out of or relating to the Reorganization Note is entitled to, in addition to damages, its reasonable attorneys' fees, costs and expenses incurred in connection with the litigation or proceeding.

## UPRIGHT'S ASSETS ARE TRANSFERRED TO UID AND THEN TO TANFIELD

13. Plaintiff is informed and believes and, on that basis, alleges that in or before June, 2006, substantially all of the assets that were formerly owned by Upright were transferred to UID.

14. Plaintiff is informed and believes and, on that basis, alleges that UID continued to operate the business of Upright at the same Maple Facility location, using the same name, website, assets and employees, and with at least some of the same officers and directors.

15. Plaintiff is informed and believes, and on that basis alleges, that substantially all of the assets formerly owned by Upright were transferred by UID to Tanfield in June 2006.

16. Plaintiff is informed and believes and, on that basis, alleges that since acquiring substantially all of the assets that were formerly owned by Upright, Tanfield has continued to operate the business of Upright at the same Maple Facility

H&O: #40503 v1

4

FIRST AMENDED COMPLAINT

location, using the same name, website, assets and employees, and with at least some of the same officers.

## FIRST CAUSE OF ACTION

### (For Breach Of Contract – Promissory Note Against Defendant Upright)

17. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in Paragraphs 1 through 12, inclusive.

18. Beginning on September 30, 2003 and continuing thereafter, Upright breached its promise under the Reorganization Note by failing to pay the principal and interest due thereunder. As of the date of filing this Complaint, the default had not been cured. Accordingly, pursuant to the terms of the Reorganization Note, the entire principal balance is now due and owing, along with accrued interest and other applicable charges and fees, in an amount to be proved at trial.

19. Plaintiff has incurred legal fees in pursuing its claim for payments due under the Reorganization Note in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

### (For Successor Liability Against All Defendants)

20. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in Paragraphs 1 through 19, inclusive.

21. Plaintiff is informed and believes and, on that basis, alleges that the transfers of substantially all of Upright's assets to UID and then to Tanfield were made for less than adequate consideration such that little or no value was received by Upright to satisfy the claims of its unsecured creditors in accordance with the terms of the Reorganization Note.

22. As alleged above, after acquiring substantially all of Upright's assets, UID continued to conduct the same business as Upright at the same Maple Facility location formerly used by Upright, continued to use the Upright name and manufacture the same products as Upright, continued to use the same website as Upright, and employed at least some of the same officers and directors as Upright.

23. Plaintiff is informed and believes and, on that basis, alleges that based on the foregoing, UID is a mere continuation of the business of Upright and is therefore liable for the debts of Upright as a successor entity.

24. As alleged above, Tanfield continues to conduct the same business as Upright at the same Maple Facility location formerly used by Upright, continues to use the Upright name, continues to manufacture the same products as Upright and use the same website as Upright. Tanfield has further held itself out to the public as a continuation of the business conducted by Upright.

25. Tanfield is a mere continuation of the business of Upright, and Tanfield is therefore liable for the debts of Upright as a successor entity.

## THIRD CAUSE OF ACTION

### (For Fraudulent Transfer Against All Defendants)

26. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in Paragraphs 1 through 19, inclusive.

27. Plaintiff is informed and believes and, on that basis, alleges that the transfer of substantially all of Upright's assets to UID was made with the actual intent to hinder, delay or defraud Upright's creditors, including Plaintiff.

28. Plaintiff is informed and believes and, on that basis, alleges that the transfer of substantially all of Upright's assets to UID was made at a time when Upright was insolvent, or that Upright became insolvent as a result of the transfers.

29. Plaintiff is informed and believes and, on that basis, alleges that the transfer of substantially all of Upright's assets to Tanfield, as subsequent transferee, was made for less than reasonably equivalent value.

30. Plaintiff is informed and believes and, on that basis, alleges that the transfer of substantially all of Upright's assets to Tanfield, as subsequent transferee, was not made in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Upright and Tanfield as follows:

1. On the First Claim for Breach of Contract, for damages in an amount to be proved at trial, along with interest thereon;

2. On the Second Claim for Successor Liability, for: (a) a judgment that UID is liable to Plaintiff as the successor to Upright for the full amount of Plaintiff's claims against Upright; and (b) a judgment that Tanfield is liable to Plaintiff as the successor to Upright for the full amount of Plaintiff's claims against Upright;

3. On the Third Claim for Fraudulent Transfer, for a judgment against UID and Tanfield, jointly and severally, for the lesser of the value of the assets of Upright that were transferred to UID and Tanfield, or the amount of the unpaid balance owed by Upright to Plaintiff;

4. For costs of suit incurred herein; and,

5. For such other and further relief as the Court may deem just and proper.

DATED: August 17, 2007

HEWITT & O'NEIL LLP

By: _____
Lawrence J. Hilton

Attorneys for Plaintiff
PLAN AGENT OMNI MANAGEMENT GROUP, LLC, f/k/a ROBERT L. BERGER & ASSOCIATES, LLC