FILED
December 17, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001566340

5

LAWRENCE J. HILTON (State Bar No. 156524)
    (lhilton@hewittoneil.com)
HEWITT & O'NEIL LLP
19900 MacArthur Blvd., Suite 1050
Irvine, California 92612
Telephone: (949) 798-0500
Facsimile: (949) 798-0511

Attorneys for Plaintiff
PLAN AGENT OMNI MANAGEMENT GROUP

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In re<br><br>UPRIGHT, INC,<br><br>        Debtor.<br><br>Tax Id. No. 94-1099653.<br><br>OMNI MANAGEMENT GROUP, LLC, ,<br><br>        Plaintiff,<br><br>        v.<br><br>UPRIGHT, INC.; et al,<br><br>        Defendants. | Case No. 01-15766-A-11<br><br>Adv No. 07-1074-A<br><br>Chapter 11<br><br>**STIPULATION TO DISMISS**<br>**[Fed. R. Civ. P. 41(a)(1)(A)(ii) and**<br>**Fed. R. Bankr. P. 7041]**<br><br>Hon. Whitney Rimel |

This Stipulation, entered into by and among Plaintiff Omni Management Group, LLC ("Plaintiff"), Defendant The Tanfield Group Plc ("Tanfield") and Defendant UI Distribution North America, Inc. ("UID") (Plaintiff, Tanfield and UID are collectively referred to herein as the "Parties"), is made pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and Rule 7041 of the Federal Rules of Bankruptcy Procedure and with reference to the following recitals:

1  **WHEREAS,** Plaintiff filed its Complaint commencing the above-captioned
2  action on May 7, 2007;
3  **WHEREAS,** Plaintiff thereafter filed a First Amended Complaint on
4  August 17, 2007 alleging causes of action for successor liability and fraudulent
5  transfer against Tanfield and UID in which it alleged that both entities were
6  common law successors in interest to UpRight, Inc., a California corporation
7  ("UpRight");
8  **WHEREAS,** Plaintiff's claims against Tanfield and UID were based, in part,
9  upon press reports and public company filings by Tanfield (a United Kingdom
10 public company) to the effect that Tanfield had purchased from entities it believed
11 were related to UpRight certain assets formerly owned by UpRight. According to
12 the press reports, the total consideration paid by Tanfield for the acquisition was
13 approximately $14 million;
14 **WHEREAS,** Plaintiff believed that the assets purchased by Tanfield had been
15 acquired by UID for considerably less than $14 million;
16 **WHEREAS,** Tanfield filed its Answer to the First Amended Complaint on
17 January 14, 2008 in which it denied, among other things, that it was a successor to
18 UpRight;
19 **WHEREAS,** UID filed its Answer to the First Amended Complaint on
20 January 18, 2008, in which it denied, among other things, that it was a successor to
21 UpRight;
22 **WHEREAS,** on February 22, 2008, Plaintiff served interrogatories and
23 requests for production of documents to UID requesting, among other things,
24 information about the consideration paid by UID for certain assets that were at one
25 time owned by UpRight, to which UID provided written responses on or about
26 April 30, 2008;
27 **WHEREAS,** on August 15, 2008, Plaintiff served interrogatories and
28 requests for production of documents to Tanfield requesting, among other things,

information about the specific consideration paid by Tanfield for certain assets that were at one time owned by UpRight, to which Tanfield provided written responses and documents on or about October 1, 2008;

**WHEREAS,** after reviewing UID and Tanfield's discovery responses, Plaintiff has determined that the reported $14 million purchase price included not only assets that were formerly owned by UpRight, but also other assets that were not previously owned by UpRight;

**WHEREAS,** Plaintiff has concluded that there is insufficient evidence with which to prove its successor liability or fraudulent transfer claims against UID and/or Tanfield, and has therefore determined that it is not in the best interests of UpRight's Unsecured Creditors (as defined in UpRight's Second Amended Plan of Reorganization dated October 22, 2002) to further pursue such claims;

**WHEREAS,** Plaintiff has agreed to dismiss this action with prejudice on the condition that Tanfield and UID agree to waive the attorneys' fees and costs incurred in connection with their defense of this action;

**WHEREAS,** in stipulating to dismiss the action, each of the Parties hereby covenants not to sue and hereby releases and forever discharges each other party from any and all claims, demands, causes of action, obligations, agreements, liens, judgments, orders, damages, liabilities, losses, costs and expenses of any kind, in law or in equity, existing prior to the date of this Stipulation that each party holds, or has ever held, against each other party concerning the claims related to or arising from the above-captioned action;

**WHEREAS,** in addition to Tanfield, Plaintiff by this Stipulation further releases and forever discharges the following entities related to Tanfield from claims existing prior to the date of this Stipulation that Plaintiff holds, or has ever held, against the following listed entities related to or arising from the above-captioned action: Tanfield Engineering Systems (US), Inc.; Tanfield Engineering Systems Ltd

1 (UK); Tanfield Group Plc (UK); and any and all of Tanfield's affiliated companies
2 and assigns;

3     **WHEREAS,** in addition to UID, Plaintiff by this Stipulation further releases
4 and forever discharges the following entities from claims existing prior to the date
5 of this Stipulation that Plaintiff holds, or has ever held, against the following listed
6 entities related to or arising from the above-captioned action: Instant UpRight
7 Limited, UpRight International Manufacturing, Ltd., UpRight International Limited,
8 UpRight Japan Co. Limited, UI Property Limited or Wyvern Corporation;

9     **WHEREAS,** a Final Pretrial Conference is set for January 7, 2009 at
10 1:30 p.m.; and,

11     **WHEREAS,** no trial date has been set;

12     **NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between the
13 Parties through their designated counsel that the above-captioned action be and
14 hereby is dismissed with prejudice pursuant to Rule 41(a) of the Federal Rules of
15 Civil Procedure and Rule 7041 of the Federal Rules of Bankruptcy Procedure.

17 DATED: December 17, 2008    HEWITT & O'NEIL LLP

By: _____
Lawrence J. Hilton

Attorneys for Plaintiff
PLAN AGENT OMNI MANAGEMENT
GROUP, LLC, f/k/a ROBERT L. BERGER &
ASSOCIATES, LLC

[*Signatures continued on next page*]

4
STIPULATION TO DISMISS


```
1  DATED: December 12, 2008        GILLISS VALLA & DALSIN, LLP
2
3
                                   By: /s/ Stephanie Southwick Smith
4                                      Stephanie Southwick Smith
5                                  Attorneys for Defendant
                                   THE TANFIELD GROUP PLC
6
7  DATED: December ___, 2008       FELDERSTEIN FITZGERALD
8                                  WILLOUGHBY & PASCUZZI LLP
9
10                                 By: _____
11                                     Donald W. Fitzgerald
12                                 Attorneys for Defendant
                                   UI DISTRIBUTION NORTH AMERICA,
13                                 INC.
14
15 DATED: December ___, 2008       LIVINGSTON LAW FIRM, P.C.
16
17                                 By: _____
18                                     Craig A. Livingston
19                                 Attorneys for Defendant
                                   UI DISTRIBUTION NORTH AMERICA,
20                                 INC.
```

DATED: December ___, 2008      GILLISS VALLA & DALSIN, LLP

By: _____
      Stephanie Southwick Smith

Attorneys for Defendant
THE TANFIELD GROUP PLC

DATED: December 5, 2008        FELDERSTEIN FITZGERALD
                                            WILLOUGHBY & PASCUZZI LLP

By: /s/ Donald W. Fitzgerald
      Donald W. Fitzgerald

Attorneys for Defendant
UI DISTRIBUTION NORTH AMERICA, INC.

DATED: December ___, 2008      LIVINGSTON LAW FIRM, P.C.

By: _____
      Craig A. Livingston

Attorneys for Defendant
UI DISTRIBUTION NORTH AMERICA, INC.


DATED: December ___, 2008        GILLISS VALLA & DALSIN, LLP

By: _____
       Stephanie Southwick Smith

Attorneys for Defendant
THE TANFIELD GROUP PLC

DATED: December ___, 2008        FELDERSTEIN FITZGERALD
                                 WILLOUGHBY & PASCUZZI LLP

By: _____
       Donald W. Fitzgerald

Attorneys for Defendant
UI DISTRIBUTION NORTH AMERICA, INC.

DATED: December 2, 2008          LIVINGSTON LAW FIRM, P.C.

By: _____
       Craig A. Livingston

Attorneys for Defendant
UI DISTRIBUTION NORTH AMERICA, INC.